Robert J. Feinstein, Esq.
Gabrielle A. Rohwer, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, NY 10017
Telephone: 212.561.7700
Facsimile: 212.561.7777

Counsel for Grant Thornton Ltd., in its capacity as
Receiver for Blockbuster Canada Co.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| BLOCKBUSTER CANADA CO., | Case No. 11-12433 (___) |
| Debtor. | |

**DECLARATION OF MICHAEL CREBER IN SUPPORT OF**
**VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A**
**FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF**

I, Michael Creber, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America, as follows:

1. I am a Senior Vice President of Grant Thornton Ltd. (the "Receiver"), the court-appointed receiver and authorized foreign representative of Blockbuster Canada Co. ("Blockbuster Canada"), which receivership commenced pursuant to an order of the Ontario Superior Court of Justice, Commercial List (the "Canadian Court"), entered on May 4, 2011, in the proceeding commenced pursuant to the Canadian *Bankruptcy and Insolvency Act*, R.S.C. 1985, C. B-3, as amended (the "BIA") and section 101 of the *Courts of Justice Act*, R.S.O. 1990 c. C.43, as amended (the "CJA"), encaptioned, Home Trust Company as trustee (the "Collateral Trustee") under a certain Collateral Trust Agreement made by Blockbuster Canada Co., Applicant, and Blockbuster Canada Co., Respondent, Court File No. CV-11-9200-00CL (the

"Canadian Proceeding"). In this capacity, I am generally familiar with the day-to-day operations, business, and financial affairs of Blockbuster Canada.

2. I am authorized by the Receiver to submit this declaration (the "Declaration") and do so in support of the Receiver's *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Granting Related Relief* (the "Petition").

3. As set forth herein and in the Petition, commencement of this chapter 15 proceeding is proper because, *inter alia*: (i) the Receiver qualifies as a "foreign representative" appointed in a "foreign proceeding" as referred to in sections 101(23) and 101(24) of title 11 of the United States Code (the "Bankruptcy Code"); (ii) this case was properly commenced in accordance with the requirements of chapter 15; and (iii) the Canadian Proceeding is a "foreign main proceeding" as set forth in section 1517(b)(1) of the Bankruptcy Code.

4. Except as otherwise indicated, all facts set forth in this Declaration are based on either: my personal knowledge, information supplied by employees under my supervision, or my opinion. If I were called upon to testify, I would testify competently to the facts set forth herein.

**Blockbuster Canada**

5. Blockbuster Canada is a company organized and existing under the laws of the Canadian province of Nova Scotia and is an indirect wholly-owned, subsidiary of Blockbuster Inc. ("Blockbuster US"), a debtor in the jointly administered chapter 11 bankruptcy cases of Blockbuster Inc. and certain of its affiliated debtors, pending before this Court as *In re Blockbuster Inc., et al*, Case No. 10-14997 (BRL) (the "Blockbuster US Case").

6. Blockbuster Canada has operated video rental stores in Canada using the Blockbuster trademarks since 1990.[1] The company presently employs approximately 4,000 employees in over 400 stores across ten Canadian provinces. Blockbuster Canada is the leading rental retailer in Canada providing in-home movie and game entertainment.

7. Blockbuster Canada's corporate head office is located in Etobicoke, Ontario. The company operates 198 retail locations in Ontario, employing approximately 50% of its employees in the province.

**The License and Master Services Agreements**
**Between Blockbuster US and Blockbuster Canada**

8. On May 8, 2009, Blockbuster US and Blockbuster Canada entered into a License Agreement (the "License Agreement"), pursuant to which Blockbuster US granted Blockbuster Canada the right to use Blockbuster US's intellectual property, including, but not limited to, trade secrets, copyrights, Blockbuster trademarks (the "Blockbuster Trademarks"), inventions, and proprietary computer programs (collectively, the "Intellectual Property"). Attached hereto as **Exhibit A** is a true and correct copy of the License Agreement.

9. Also on May 8, 2009, Blockbuster US and Blockbuster Canada entered into a Master Services Agreement (the "MSA"), pursuant to which Blockbuster US agreed to provide Blockbuster Canada various accounting and information technology services (collectively, the "Services"), including providing electronic access to systems in connection with the Services necessary for the operation of Blockbuster Canada's stores. Attached hereto as **Exhibit B** is a true and correct copy of the MSA.

---

[1] Upon information and belief, for nearly twenty years, Blockbuster Canada used the Blockbuster trademarks without the benefit of any written agreement, and thus may have a common law right to the use of the trademarks.

10. Pursuant to the License Agreement, Blockbuster Canada agreed to pay Blockbuster US a license fee equal to three percent (3%) of Blockbuster Canada's gross revenue, payable in regular intervals, but at least quarterly (the "License Fees"). *See* License Agreement at §§ XI(A) and (B)(1).

11. Pursuant to the MSA, Blockbuster Canada agreed to pay Blockbuster US a service fee equal to one percent (1%) of Blockbuster Canada's gross revenue, payable in regular intervals, but at least quarterly (the "Service Fees" and together with the License Fees, the "Fees"). *See* MSA at §§ V(A) and (B)(1).

12. On approximately ten occasions between April 2009 and June 2010, Blockbuster US instructed Blockbuster Canada to electronically transfer money to Blockbuster US (the "Upstream Transfers"). The Upstream Transfers, in the aggregate, totaled approximately $31.4 million. Attached hereto as **Exhibit C** are true and correct copies of documents evidencing these Upstream Transfers. The Fees were credited against the Upstream Transfers on the books and records of Blockbuster Canada.

**Events Leading to Blockbuster Canada Receivership**

13. Blockbuster Canada's principal liabilities are to movie studio suppliers to Blockbuster US. Specifically, Warner Home Video, a division of Warner Bros. Home Entertainment ("Warner"), Twentieth Century Fox Home Entertainment LLC ("Fox"), and Sony Pictures Home Entertainment Inc. ("Sony" and collectively with Warner and Fox, the "Studios") were significant suppliers to Blockbuster US. In March of 2010, in order to induce the Studios to continue to supply product and to extend trade credit to Blockbuster US, Blockbuster Canada provided an unlimited written guarantee of Blockbuster US's obligations (the "Guaranteed Obligations") to the Studios dated March 31, 2010 (the "Guarantee"). As security for the Guaranteed Obligations, Blockbuster Canada granted to the Collateral Trustee, for the benefit of

the Studios, a continuing general security interest in all of its present and after acquired personal property, as described in a general security agreement dated March 31, 2010 (the "GSA"). Blockbuster US is currently indebted to the Studios in an aggregate approximate amount of US $70 million. Blockbuster Canada also is similarly obligated to the Collateral Trustee on behalf of the Studios in that amount.

14. On February 3, 2011, pursuant to Section 2.1(d)(i) of the CJA, the Collateral Trustee made a formal written demand (the "Demand") for payment on Blockbuster Canada. The Demand confirmed that: (a) Blockbuster US had failed to pay its Guaranteed Obligations to the Studios totaling US $70,193,321.93 when due; (b) on February 3, 2011 the Studios had, pursuant to the CJA, instructed the Collateral Trustee to demand payment against Blockbuster Canada of the Guaranteed Obligations; and (c) accordingly, the Collateral Trustee demanded that Blockbuster Canada pay the Guaranteed Obligations totaling US $70,193,321.93 on or before February 10, 2011. Pursuant to the terms of the Demand, the Guaranteed Obligations became payable to the Collateral Trustee by no later than February 10, 2011. No payment has been made by Blockbuster Canada in respect of the Guaranteed Obligations.

15. Between February 14, 2011 and March 21, 2011, Blockbuster Canada, the Collateral Trustee, and the Studios entered into a series of four forbearance agreements. The last of these agreements expired on March 21, 2011, and has not been renewed or extended. Since March 21, 2011, Blockbuster Canada has been in default of its obligations to the Collateral Trustee.

16. Upon information and belief, sometime in late April of 2011, the directors and officers insurance liability policy covering the Debtors' and Blockbuster Canada's directors and officers terminated or was allowed to lapse. Thereafter, on or about May 2, 2011, Blockbuster Canada's remaining directors and officers resigned their positions effective at 5:00

p.m. on May 3, 2011. Blockbuster US advised the Studios that if they did not take action to address this urgent situation, Blockbuster US would place Blockbuster Canada into an insolvency proceeding. Based on the continuing default and these latest developments, on May 3, 2011, the Collateral Trustee petitioned the Canadian Court for an order pursuant to section 243(1) of the BIA and section 101 of the CJA, appointing a receiver over all of the current and future property, assets and undertakings of Blockbuster Canada (the "Receivership Motion"). Attached hereto as **Exhibit D** is a true and correct copy of the Receivership Motion, excluding voluminous and extraneous exhibits.

17. On May 3, 2011, the Canadian Court, per the Honorable Mr. Justice Morawetz, issued an Order Appointing Receiver (the "Receivership Order") (CV-11-92000-00CL), granting the Collateral Trustee's Receivership Motion, and, among other things:

(a) appointing Grant Thornton as receiver, without security, of all of the assets, undertakings and properties of Blockbuster Canada, including all proceeds thereof (the "Property") pursuant to section 243(1) of the BIA and section 101 of the CJA;

(b) empowering and authorizing the Receiver to act at once with respect to the Property, including exercising control of the Property, protecting the Property, managing the business of Blockbuster Canada, and ceasing to carry on all or any part of the business; and

(c) prohibiting any proceeding or enforcement process in any court or tribunal from commencing or continuing against the Receiver, Debtor, or the Property, except with the written consent of the Receiver or leave of the court.

Attached hereto as **<u>Exhibit E</u>** is a true and correct copy of the Receivership Order.

18. The Receivership Order authorizes the Receiver to act as Blockbuster Canada's foreign representative and commence this chapter 15 case. *See* Receivership Order at ¶ 30.

19. With the entry of the Receivership Order, Blockbuster Canada's assets are now under the protection of the Canadian Court. In order for the benefits and burdens of the Receivership Order to be fully recognized by this Court, the Receiver is filing the Petition and seeking prompt entry of an order recognizing the Canadian Proceeding as a "foreign main proceeding" for Blockbuster Canada.[2]

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 20[h] day of May, 2011

*/s/ Michael Creber*_____
Michael Creber on behalf of Grant Thornton Ltd., in its capacity as the court-appointed receiver and duly authorized foreign representative of Blockbuster Canada Co.

---

[2] A foreign proceeding can be classified as either be a main proceeding (*i.e.*, located in a country where the debtor has the center of its main interests ("<u>COMI</u>")), or a nonmain proceeding (*i.e.*, located in a country where the debtor has an "establishment, that is, 'any place of operations where the debtor carries out a non-transitory economic activity'"). For the reasons more fully described in the Petition, the Canadian Proceeding is a foreign main proceeding because Blockbuster Canada has its COMI in Canada.