PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, NY  10017
Telephone: 212/561-7700
Facsimile:  212/561-7777
Robert J. Feinstein, Esq.
Gabrielle A. Rohwer, Esq.

Counsel for Grant Thornton Ltd., in its capacity as
Receiver for Blockbuster Canada Co.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 15 |
| BLOCKBUSTER CANADA CO., | Case No. 11-12433 (___) |
| Debtor. | |

*EX PARTE* **MOTION PURSUANT TO BANKRUPTCY RULES**
**2002(q) AND 9006(c) TO SHORTEN THE NOTICE PERIOD WITH**
**RESPECT TO THE RECEIVER'S VERIFIED PETITION UNDER CHAPTER 15**
**FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING**
**AND GRANTING RELATED RELIEF**

Grant Thornton Ltd., in its capacity as the duly-appointed receiver (the "Foreign

Representative" or "Receiver") of the above-captioned debtor in a foreign proceeding

("Blockbuster Canada" or the "Chapter 15 Debtor"), hereby submits this motion (the "Motion to

Shorten") for an order shortening the notice period with respect to the Receiver's *Verified*

*Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Granting Related*

*Relief* (the "Petition for Recognition")[1], filed contemporaneously herewith, and respectfully

represents as follows:

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Petition for
      Recognition.

**Jurisdiction**

1.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § § 1334 and 157(b)(2)(P).  This case was properly commenced pursuant to section 1504 of title 11 of the United States Code (the "Bankruptcy Code") by the filing of the Petition for Recognition of the Canadian Proceeding under section 1515 of the Bankruptcy Code.  Venue is proper pursuant to 28 U.S.C. § 1410.

**Relief Requested**

2.　　The Receiver has filed the Petition for Recognition requesting that the Court enter an order in the form attached thereto granting: (a) recognition by this Court of the Foreign Representative as the Chapter 15 Debtor's "foreign representative" as defined in section 101(24) of the Bankruptcy Code; (b) recognition of the Canadian Proceeding as a "foreign main proceeding" pursuant to sections 1515, 1517, and 1520 of the Bankruptcy Code with respect to the Chapter 15 Debtor; and (c) granting appropriate additional relief pursuant to section 1521 of the Bankruptcy Code.

3.　　Pursuant to Rules 2002(q) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by this Motion to Shorten, the Receiver requests that the Court enter an order, substantially in the form of **Exhibit B** attached hereto, (i) shortening the notice period to allow the Petition for Recognition to be heard at the hearing scheduled for June 2, 2011 at 10:00 a.m. (Eastern Time), and (ii) providing that any objections to the Petition for Recognition may be submitted up to and through **May 31, 2011 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").  In support of this request, the Receiver submits the Declaration of Robert J. Feinstein, a member of Pachulski Stang Ziehl & Jones LLP, the attorneys for the Receiver, attached hereto as **Exhibit A**.

**The Petition for Recognition**

4.      Blockbuster Canada is a debtor in a foreign proceeding, as defined in section 101(23) of the Bankruptcy Code, commenced pursuant to an order of the Ontario Superior Court of Justice, Commercial List (the "Canadian Court"), entered on May 4, 2011, in the proceeding commenced pursuant to the Canadian *Bankruptcy and Insolvency Act*, R.S.C. 1985, C. B-3, as amended (the "BIA") and section 101 of the *Courts of Justice Act*, R.S.O. 1990 c. C.43, as amended (the "CJA"), encaptioned, Home Trust Company as trustee (the "Collateral Trustee") under a certain Collateral Trust Agreement made by Blockbuster Canada Co. Applicant, and Blockbuster Canada Co., Respondent, Court File No. CV-11-9200-00CL (the "Canadian Proceeding").  On May 3, 2011, Grant Thornton Ltd. was appointed by the Canadian Court as the Receiver for Blockbuster Canada.

5.      With the entry of the Receivership Order, Blockbuster Canada's assets are now under the protection of the Canadian Court.  In order for the Receivership Order to be fully recognized by this Court, concurrently herewith, the Receiver filed a petition for relief pursuant to chapter 15 of the Bankruptcy Code and the Petition for Recognition.

**Basis for Relief**

6.      Bankruptcy Rule 2002(q)(1) prescribes at least twenty-one days' notice of a hearing to consider granting the relief requested in a chapter 15 petition for recognition.  Fed. R. Bankr. P. 2002(q)(1).  Bankruptcy Rule 9006(c)(1) authorizes this Court, for cause shown, to reduce the notice period required under, *inter alia*, Bankruptcy Rule 2002(q).

7.      The Receiver submits that ample cause exists to shorten the notice period with respect to the Petition for Recognition by a period of approximately eight days as requested herein.  On May 11, 2011, Blockbuster Inc., and its affiliated debtors, Case No. 10-14997 (BRL) (collectively, "Blockbuster US"), filed the *Debtors' Motion to (I) Reject Certain Executory*

*Contracts and (II) Establish Expedited Rejection Procedures for Non-Lease Executory Contracts*
[Blockbuster US docket no. 1761] (the "Rejection Motion") which was originally scheduled to
be heard on May 26, 2011 but has been adjourned to June 2, 2011 (the "Rejection Hearing").
Pursuant to the Rejection Motion, Blockbuster US seeks to reject two contracts between
Blockbuster Canada and Blockbuster US (the "Agreements") providing, *inter alia*, for
Blockbuster Canada's licensed use of certain intellectual property, including the "Blockbuster"
trademark (the "Intellectual Property") that is critical to Blockbuster Canada's ongoing business
operations. Blockbuster Canada continues to operate over 400 stores and employs over 4,000
people across ten Canadian provinces.

8.      The Receiver asserts that the relief sought in the Rejection Motion
potentially runs afoul of the terms of the Receivership Order in the Canadian Proceeding and
submits that rejection of the Agreements cannot be granted without prior approval from the
Canadian Court. To date, Blockbuster US has not moved in the Canadian Proceeding for such
relief.

9.      Moreover, rejection of the Agreements will result in irreparable harm
being done to Blockbuster Canada. If Blockbuster Canada were to be deprived of the use of the
Intellectual Property, it would have a devastating impact on its business operations. The
Receiver will soon be filing an objection to the Rejection Motion which will be premised, in part,
upon the terms and restrictions imposed by the Receivership Order. The Receiver is requesting
that the hearing on the Petition for Recognition be held immediately prior to the hearing on the
Rejection Motion so that this Court can determine whether Blockbuster Canada should enjoy the
protections of a chapter 15 debtor prior to ruling on the Rejection Motion, and properly consider

the effects of the Receivership Order on the relief sought by Blockbuster US, in coordination with the Canadian Court.

10.     The Receiver has been informed by counsel to Blockbuster US that it will not object to this Motion to Shorten.  Accordingly, notwithstanding the twenty-one (21) day notice period imposed under Bankruptcy Rules 2002(q), the Receiver respectfully requests that the Court shorten the notice period with respect to the Petition for Recognition such that the Court may consider the Petition for Recognition at the Rejection Hearing currently scheduled for June 2, 2011 at 10:00 a.m. (Eastern Time) and that objections, if any, must be filed with the Court on or before the Objection Deadline.  In this manner, these proceedings can advance in an orderly and efficient way.  Moreover, no party will be prejudiced by the brief shortening the time to object as the Receiver does not believe the Petition for Recognition raises any controversial issues, insofar as the facts will readily bear out that the Receiver is a "foreign representative," the Canadian Proceeding is a "foreign main proceeding."

#### Notice

11.     Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice.  Accordingly, no notice of this motion to shorten time has been given.

12.      No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Receiver respectfully requests that the Court grant the relief requested

herein and such other and further relief as it deems just and proper.

Dated: May 20, 2011                         PACHULSKI STANG ZIEHL & JONES LLP


*/s/    Robert J. Feinstein*
Robert J. Feinstein, Esq.
Gabrielle A. Rohwer, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017
Tel: (212) 561-7700
Fax: (212) 561-7777
Email: rfeinstein@pszjlaw.com
       grohwer@pszjlaw.com

*Counsel for Grant Thornton Ltd., in its capacity as
Receiver for Blockbuster Canada Co.*

# EXHIBIT A

**(Declaration of Robert J. Feinstein)**

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, NY 10017
Telephone: 212/561-7700
Facsimile: 212/561-7777
Robert J. Feinstein, Esq.
Gabrielle A. Rohwer, Esq.

Counsel for Grant Thornton Ltd., in its capacity as
Receiver for Blockbuster Canada Co.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| BLOCKBUSTER CANADA CO., | Case No. 11-12433 (___) |
| Debtor. | |

**DECLARATION OF ROBERT J. FEINSTEIN IN SUPPORT OF RECEIVER'S**
***EX PARTE* MOTION PURSUANT TO BANKRUPTCY RULES 2002(q) AND 9006(c)**
**TO SHORTEN THE NOTICE PERIOD WITH RESPECT TO THE RECEIVER'S**
**VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF**
**A FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF**

ROBERT J. FEINSTEIN, declares under penalty of perjury as follows:

1. I am a partner with the firm of Pachulski Stang Ziehl & Jones LLP

("PSZJ" or the "Firm"), counsel to Grant Thornton Ltd., in its capacity as receiver (the

"Receiver") for Blockbuster Canada Co. ("Blockbuster Canada"). I maintain an office at 780

Third Avenue, 36th Floor, New York, New York 10017-2024. I am duly admitted to practice

law in the State of New York, the United States District Courts for the Southern, Eastern,

Northern, and Western Districts of New York, and the United States Court of Appeals for the

Second Circuit.

2.      I am authorized to submit this declaration (the "Declaration")[1] in support

of the *Receiver's Ex Parte Motion Pursuant to Bankruptcy Rules 2002(q) and 9006(c) to Shorten*

*the Notice Period with Respect to the Receiver's Verified Petition Under Chapter 15 for*

*Recognition of a Foreign Main Proceeding and Granting Related Relief* (the "Motion to

Shorten").  Unless otherwise indicated, I have personal knowledge of the facts set forth herein.

3.      Pursuant to the Petition for Recognition, the Receiver seeks recognition

for Blockbuster Canada as a debtor pursuant to chapter 15 of the Bankruptcy Code.

4.      As described more fully in the Motion to Shorten, the Receiver requests

that the Petition for Recognition be heard at the hearing scheduled for June 2, 2011 at 10:00 a.m.

(Eastern Time).

**The Need for Shortened Notice
with Respect to the Petition for Recognition**

5.      Cause exists to shorten the notice period with respect to the Petition for

Recognition as requested herein.  On May 11, 2011, Blockbuster Inc., and its affiliated debtors,

Case No. 10-14997 (BRL) (collectively, "Blockbuster US"), filed the *Debtors' Motion to (I)*

*Reject Certain Executory Contracts and (II) Establish Expedited Rejection Procedures for Non-*

*Lease Executory Contracts* [Blockbuster US docket no. 1761] (the "Rejection Motion") which

was originally scheduled to be heard on May 26, 2011 but has been adjourned to June 2, 2011

(the "Rejection Hearing").  Pursuant to the Rejection Motion, Blockbuster US seeks to reject two

contracts between Blockbuster Canada and Blockbuster US (the "Agreements") providing, *inter*

*alia*, for Blockbuster Canada's licensed use of certain intellectual property, including the

"Blockbuster" trademark (the "Intellectual Property") in Blockbuster Canada's ongoing business

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Shorten.

operations.  I am advised by the Receiver that Blockbuster Canada continues to operate over 400 stores and employs over 4,000 people across ten Canadian provinces.

6. The Receiver intends to object to the Rejection Motion on the basis that the relief requested potentially runs afoul of the terms of the Receivership Order in the Canadian Proceeding and thus rejection of the Agreements cannot be granted without prior approval from the Canadian Court.  To date, Blockbuster US has not moved in the Canadian Proceeding for such relief.

7. Moreover, rejection of the Agreements will result in irreparable harm to Blockbuster Canada.  If Blockbuster Canada were deprived of the use of the Intellectual Property, it would have a devastating effect on its business operations currently.  The Receiver will be filing an objection to the Rejection Motion which will be premised, in part, upon the terms and restrictions imposed by the Receivership Order.  The Receiver is requesting that the hearing on the Petition for Recognition be held immediately prior to the Rejection Motion so that this Court can determine whether Blockbuster Canada should enjoy the protections of a chapter 15 debtor prior to ruling on the Rejection Motion, and properly consider the effects of the Receivership Order on the relief sought by Blockbuster Canada US in coordination with the Canadian Court.

8. I have been informed by counsel to Blockbuster US that it will not object to the Petition for Recognition being heard on June 2, 2011.  Accordingly, notwithstanding the twenty-one (21) day notice period imposed under Bankruptcy Rules 2002(q), the Receiver requests that the Court shorten the notice period with respect to the Petition for Recognition such that the Court may consider the Petition for Recognition at the Rejection Hearing.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

correct.


Dated:  New York, New York
        May 20, 2011

/s/ Robert J. Feinstein
Robert J. Feinstein

# EXHIBIT B

**(Proposed Order)**

PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, NY 10017
Telephone: 212/561-7700
Facsimile: 212/561-7777
Robert J. Feinstein, Esq.
Gabrielle A. Rohwer, Esq.

Counsel for Grant Thornton Ltd., in its capacity as
Receiver for Blockbuster Canada Co.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| BLOCKBUSTER CANADA CO., | Case No. 11-12433 (___) |
| Debtor. | |

**ORDER PURSUANT TO BANKRUPTCY RULES 2002(q) AND 9006(c) TO**
**SHORTEN THE NOTICE PERIOD WITH RESPECT TO THE RECEIVER'S**
**VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF**
**A FOREIGN MAIN PROCEEDING AND GRANTING RELATED RELIEF**

Upon the *ex parte* Motion (the "Motion to Shorten"),[1] dated May 20, 2011, filed by Grant

Thornton Ltd., in its capacity as Receiver for Blockbuster Canada Co. pursuant to Rules 2002(q)

and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to shorten

the notice period with respect to the Receiver's *Verified Petition Under Chapter 15 for*

*Recognition of a Foreign Main Proceeding and Granting Related Relief* (the "Petition for

Recognition"), all as more fully described in the Motion to Shorten; and upon the Declaration of

Robert J. Feinstein (the "Feinstein Declaration"); and the Court having jurisdiction to consider

the Motion to Shorten and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion to Shorten and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that the

relief sought in the Motion to Shorten is in the best interests of Blockbuster Canada, its estate,

and creditors, and that the legal and factual bases set forth in the Motion to Shorten establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion to Shorten is granted as provided herein.

2.      The hearing (the "Hearing") to consider the relief requested in the Petition

for Recognition will be held before the Honorable Burton R. Lifland, United States Bankruptcy

Judge, in Room 623 of the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10004, on **June 2,**

**2011 at 10:00 a.m. (Eastern Time)**.

3.      The deadline to file any objections or responses to the Petition for

Recognition is **May 31, 2011 at 4.00 p.m. (Eastern Time)** (the "Objection Deadline").

4.      Responses or objections to the Petition for Recognition, if any, shall be in

writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the

Bankruptcy Court, shall set forth the name of the objecting party, the basis for the objection and

the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's case filing system and by all other parties in interest,

on a CD-ROM, preferably in Portable Document Format (PDF), WordPerfect, or any other

Windows-based word processing format (with two hard copies delivered directly to the chambers

of the Honorable Burton R. Lifland), and shall be served upon counsel to the Receiver, Pachulski

Stang Ziehl & Jones LLP, 760 3rd Avenue, 36th Floor, New York, New York, 10017, attention

Robert J. Feinstein, Esq. and Gabrielle A. Rohwer, Esq., so as to be filed and received by no later

than the Objection Deadline.  Only those responses that are timely filed, served, and received

will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final

order granting the Petition for Recognition as requested by Blockbuster.

     5.     The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

     6.     This Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

New York, New York
Date:  May 20, 2011

_____
     United States Bankruptcy Judge